**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| ROBERT MAYSEY, | ) | No. CV 09-1364-PHX-JAT |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| CRAVEONLINE MEDIA, LLC, a California limited liability company; JOE HALL, an individual; DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Pending before this Court is Plaintiff Robert Maysey's Notice Of Motion To Remand And Request For Attorneys' Fees. For the reasons stated below, the Court grants Plaintiff's Motion To Remand and awards attorneys' fees to Plaintiff.

**BACKGROUND**

On April 14, 2009, Plaintiff Robert Maysey ("Maysey" or "Plaintiff"), filed a civil action in the Maricopa County Superior Court ("Maricopa County Superior Court") against Defendants CraveOnline Media, LLC and Joe Hall ("CraveOnline" and "Hall" individually, "Defendants" collectively). On April 28, 2009, the complaint was served on CraveOnline, and on May 19, 2009 was served on Hall. Defendants then filed a Notice Of Removal Of Action Pursuant To 28 U.S.C. § 1441(b) on June 5, 2009 in the United States District Court for the Central District of California ("California District Court"), seeking to remove the

case to federal court. Attorneys for Maysey informed Defendants' attorneys that removal to the California District Court was improper on June 19, 2009 and encouraged the attorneys for Defendants to withdraw their Notice of Removal. (Pl.'s Reply In Supp. Of Pl.'s Mot. To Remand, Doc. # 1, Ex. A. at 1.) Subsequently, attorneys for Defendants responded, admitting the United States District Court for the District of Arizona ("Arizona District Court") was the appropriate venue for removal, and requesting stipulation to an order to transfer the case to the Arizona District Court. Maysey refused to agree to this stipulation.

Subsequently, Defendants filed an *Ex Parte* Application To Transfer in the California District Court, and, on June 25, 2009, the California District Court, granted Defendants' *Ex Parte* Application and ordered the case be transferred to the Arizona District Court.

After considering the issues involved, the Court concludes that the case must be remanded to the Maricopa County Superior Court and thus grants Plaintiff's Motion To Remand and Plaintiff's attorneys' fees.

**ANALYSIS**

**A. Remand**

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . *to the district court of the United States for the district and division embracing the place where such action is pending.*" 28 U.S.C. § 1441(a) (emphasis added); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant.").

Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). There is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d

1062, 1064 (9th Cir. 1979); *see Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus*). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citing *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

When a party removes a case to the improper federal court district, that district court's appropriate response should be to remand the case back to state court and not to transfer it under 28 U.S.C. 1406(a), to the proper district. *Addison v. North Carolina Dept. of Crime and Public Safety*, 851 F.Supp. 214, 216 (M.D.N.C. 1994) (holding that removal of action from state court to federal district court was improvident, where federal district did not include place where state action was pending, and action would be remanded to state court); *Willingham v. Creswell-Keith, Inc.*, 160 F.Supp. 741, 743 (W.D.Ark.1958) (holding that removal to incorrect court mandated remand and not transfer, noting "the removal statute specifically provides that cases may be removed 'to the district court of the United States for the district and division embracing the place where such action is pending.'").[1] The transfer

---

[1] *See Klein & Vibber, P.C. v. Collard & Roe P.C.*, 3 F.Supp.2d 167, 171 (E.D.N.Y. 1998) (describing defendant's removal of the action to the wrong district, the District of Connecticut, followed by an untimely removal to the Eastern District, which remanded the action); *Tanzman v. Midwest Exp. Airlines, Inc.*, 916 F.Supp. 1013, 1017 (S.D. Cal. 1996) (dicta indicating that where a case was removed to the wrong district, the federal court can dismiss rather than transfer); *Sbarro, Inc. v. Karykous*, 2005 WL 1541048, at *2 (E.D.N.Y. 2005) (remanding for untimely filing of notice of removal where defendants first removal to district of New Jersey was remanded to state court, and subsequent removal to correct district was untimely, and rejecting defendant's argument that removal to improper district tolled the 30 day notice of removal deadline). *See also*, 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Dahl v. Rosenfeld*, 316 F.3d 1074, 1076 (9th Cir. 2003) ("Upon removal, the district court must determine whether it has subject matter jurisdiction and, if not, it must remand.") (citing *Lyons v. Alaska Teamsters Employer Serv.*

statute, 28 U.S.C. § 1406, is a general venue statute and provides no authority to transfer the venue of removed actions, because 28 U.S.C. § 1441(a) governs venue in removed actions. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66, 73 S.Ct. 900, 902 (1953) (holding that general venue statutes under 28 U.S.C. § 1391– and thus 28 U.S.C. § 1406– had "no application to this case because it [was] a removed action[] [and] [t]he venue of removed actions is governed by [28 U.S.C. 1441(a)]").

Here, Defendants' removal was to the improper federal district, and not merely to the improper division within the proper district. Assuming that Defendants' underlying action

---

*Corp.*, 188 F.3d 1170, 1171 (9th Cir.1999)); *Hoover v. Gershman Inv. Corp.*, 774 F.Supp. 60, (D. Mass.1991) (holding that a defendant could not remove a state court action to a federal court sitting in a district and division other than where the state court action was pending and that a defendant is simply without authority to remove a case to any district court other than that specified in 28 U.S.C. § 1441(a)). *But see Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (holding that removal of action to wrong *division* of right *district* created procedural, rather than jurisdictional defect, and could be remedied by transferring case to correct division); *Mortensen v. Wheel Horse Products, Inc.*, 772 F.Supp. 85, 89 (N.D. N.Y. 1991) ("The district court of the district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); *Cook v. Shell Chemical Co.*, 730 F.Supp. 1381, 1382 (M.D. La.1990) (same); *Heniford v. American Motors Sales Corp.*, 471 F.Supp. 328, 337 (D. S.C.1979), dismissed without opposition, 622 F.2d 584 (4th Cir.1980) (holding that case removed to incorrect *division* of federal district should not be remanded when it was filed there based upon incorrect advice from court deputy clerk); *Ullah v. F.D.I.C.*, 852 F.Supp. 218, 221 (S.D. N.Y.1994) (where case removed to the wrong district, federal court can transfer venue rather than remand); *Harrah v. Trustmark Ins. Co.*, 227 F.Supp.2d 600, 602 (S.D. W.Va. 2002) (holding that remand was not warranted in action removed from state court by corporation, even though removal notice was filed in wrong division; because the court clerk discovered the error and corporation provided correct designation, and local rules provided that notice could be filed in any division when timeliness concerns arose, and office for correct division was more than one hour away and notice had to be filed by next day); *Corporate Visions, Inc. v. Sterling Promotional Corp.*, 2000 WL 33217350, at *1 (E.D. N.Y. 2000) (holding that when action was removed to incorrect district, a court "is not compelled to remand the action, but may transfer it. . . .").

was one over which the district courts would have had original jurisdiction,[2] Defendants should have removed the case to a federal court embracing Maricopa County, Arizona. The California District Court is not a court embracing Maricopa County, Arizona.

Defendants' *Ex Parte* Application for Transfer to the District of Arizona does not remedy the defective removal. Because the removal was defective, the appropriate action for the California District Court, upon finding that it was not the appropriate court for removal of the case, was to remand the case to the Maricopa County Superior Court. Nevertheless, Defendants, *ex parte*, requested the California District Court to transfer the case pursuant to 28 U.S.C. §1406. (Order Granting Defendants' Ex Parte Application 2.) The California District Court granted Defendants' request, and Defendants' *ex parte* actions deprived Plaintiff of the opportunity to contest the transfer. Based upon Plaintiff's refusal to stipulate to a transfer when Defendants' attorneys requested, it is reasonable to assume that Plaintiff would have contested the transfer. These circumstances combined with the fact that courts strictly construe the removal statute against removal jurisdiction justify remand.

Alternatively, even if the California District Court's transfer of the case were effective, the Notice of Removal–under the "First-served Rule"–was untimely, thus leaving the Court only with the option of remanding the case to the Maricopa County Superior Court. In cases with only one defendant, in order to timely remove a state court case to federal court, a defendant generally must file a notice of removal within thirty days from the date of service of the complaint. 28 U.S.C. § 1446(b). "In cases with multiple defendants, there is a split in authority–unresolved in [the Ninth] Circuit–on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served

---

[2] Defendants asserted that the California District Court had original jurisdiction because complete diversity exists between the parties and the amount in controversy exceeds the jurisdictional minimum of $75,000.00. (Defs.' Notice of Removal ¶ 5.) Because this issue was not contested, and because the Court remands the case, the Court assumes, for purposes of this Order, that the parties are diverse and the amount in controversy exceeds $75,000.00.

- 5 -

defendant." *United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (citing *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 763 n. 4 (9th Cir.2002)).

A majority of the district courts in the Ninth Circuit apply the "First-served Rule," holding that a notice of removal is timely only if filed within thirty days after service of the complaint on the first defendant. *See, e.g.*, *Transport Indem. Co. V. Financial Trust Co.*, 339 F. Supp. 405, 407 (C.D. Cal 1972); *McAnally Enterprises, Inc. v. McAnally*, 107 F.Supp. 2d 1223, 1228 (C.D. Cal. 2000); *Teitelbaum v. Soloski*, 843 F.Supp. 614, 616 (C.D. Cal. 1994). Underlying this decision is the rationale that all defendants in a case must consent to removal. *See Chicago, Rock Island & Pacific Railway Co.*, 178 U.S., 245, 248 (1900); *Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1254 (9th Cir.1989). An individual defendant cannot consent to removal after expiration of the 30 day removal period. *McAnally*, 107 F.Supp. 2d at n. 7. Therefore, a defendant cannot consent to a later-served defendant's removal subsequent to the expiration of the 30 day removal period. Additionally, courts have noted that there is a "necessity that the forum selection should be settled as early as possible." *McAnally*, 107 F.Supp. 2d at 1228; *Teitelbaum*, 843 F.Supp. at 616 (noting that under 28 U.S.C. § 1446, "all defendants must join in the notice of removal. Because all defendants must join, the 30-day period for removal commences to run from the date the first defendant receives a copy of the complaint."). Finally, applying the "First-served Rule" comports with the general principle that courts construe removal statutes strictly. *McAnally*, 107 F.Supp. 2d at 1228 (citing *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986)); *see Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941).

A minority of courts have adopted the "Second-served Rule," holding that a notice of removal is timely if filed within thirty days after service of the complaint on the last defendant. *Emerson v. Maricopa* County, 2007 WL 2288148, at * 3 (D. Ariz). Courts adhering to the "Second-served Rule" generally do so to avoid inequitable results. *Emerson v. Maricopa* County, 2007 WL 2288148, at * 3 (D. Ariz.) (adopting "Second-served Rule" to avoid "gamesmanship" by a plaintiff "who deliberately delay[ed] service in an attempt to

run the removal clock before serving those defendants most likely to remove"). There, the plaintiff served numerous corporate defendants on March 5, 2007. *Id.* at * 1. However, the plaintiff did not serve defendants related to Maricopa County until April 24, 2007, a delay of more than a month and a half. *Id.* The *Emerson* Court applied the "Second-served Rule" and cited cases permitting its application in "extreme circumstances," like a "plaintiff's 'bad faith effort to prevent removal.'" *Id.* at *2 (citing *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).

Although Defendants vigorously urged the Court to adopt the "Second-served Rule," the case at hand is distinguishable from *Emerson*. Here, Defendants CraveOnline and Hall were served within a few weeks of each other. Here, Defendant Hall, who was served on the later date, is not the party more likely to remove, as the Maricopa County defendants were in *Emerson*. There is no indication of "gamesmanship" here or of Plaintiff's "bad faith effort to prevent removal."

Without deciding the issue for all cases in this District, the Court believes the California District Court would have applied the "First-served Rule" in this case. Applying the "First-served Rule," and dating Defendants' Notice of Removal on the date of filing with the California District Court Defendants' removal–June 5, 2009–was more than thirty days after Defendant CraveOnline was served on April 14, 2009. Therefore, Defendants' Notice of Removal was untimely.[3]

Therefore, the Court grants Plaintiff's Motion To Remand.

---

[3] Even if the Court applied the "Second-served Rule," the Court would still have to determine whether Defendants' Notice of Removal dated from the date of filing in the California District Court or from the date of the California District Court's Order transferring the case to the Court. In that case, the Court would deem the California District Court's Order Granting Defendants' *Ex Parte* Application as the date of filing of Defendants' Notice of Removal, which would be untimely under either the "First-served" or "Second-served" rules. The Court does not think Defendants should have the possible benefit of applying this District's rule after filing in the wrong district.

**B. Attorneys' Fees**

"An order remanding the case [back to state court] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). There is no bias either in favor of or against awarding fees and costs. *Id.* at 138–39 (noting that there is no "heavy congressional thumb on either side of the scale").[4]

A district court may depart from the rule that district courts may only award fees where the removing party lacked an objectively reasonable basis for seeking removal, when unusual circumstances exist. *Id.* at 141. "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. . . . When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* at 141. "The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to

---

[4] While a district court's determination of a motion to remand is not reviewable, a district court's award of fees is reviewable. *See Things Remembered Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction – the grounds for remand recognized by § 1447(c) – a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."); *Dahl v. Rosenfeld*, 316 F.3d 1074, 1077 (9th Cir. 2003) ("We review an award of attorneys' fees for an abuse of discretion and will overturn the district court's decision only if it is based on clearly erroneous findings of fact or erroneous determinations of law."); *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (affirming award of attorneys' fees when state court petition contained no claims over which the district court would have had original jurisdiction); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1105–06 (9th Cir. 2000).

afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

The Court does not need to worry about departing from the usual rule here because Defendants lacked an objectively reasonable basis for removing the case to the California District Court. The statutory wording is clear that a case may be removed only "*to the district court of the United States for the district and division embracing the place where such action is pending.*" 28 U.S.C. § 1441(a) (emphasis added). Defendants specifically referenced 28 U.S.C. § 1441(a) in their Notice of Removal, (Defs.' Notice of Removal 1), so it is reasonable to assume that Defendants' attorneys were aware of the venue requirement. Further, Defendants erroneously stated that venue was correct in the California District Court under 28 U.S.C. § 1391, without reference to 28 U.S.C. § 1441(a). (Defs.' Notice of Removal ¶ 10.) Although Defendants contended that the fact that diversity jurisdiction is present[5] provides the objectively reasonable basis necessary here, they neglect the fact that the misinterpretation of the plain meaning of the removal statute – clearly evident on its face – is not objectively reasonable. Therefore, even though diversity apparently exists between the parties, Defendants lacked an objectively reasonable basis for removing to the California District Court.

Even if Defendants had an objectively reasonable basis for removing to the California District Court, the unusual circumstances of this case would justify a departure from the general rule. This departure from the general rule would deter "removals sought for the purpose of prolonging litigation and imposing costs on the opposing party." If defendants generally were permitted to remove a state court case to a court not permitted by statute and then were permitted to transfer the case to the correct court subsequent to the removal deadline, what would prevent defendants from making this practice customary in order to gain time, delay proceedings, and increase costs to plaintiffs generally?

---

[5]The Court assumes that diversity jurisdiction exists for purposes of this Order.

- 9 -

Additionally, this departure from the general rule will not undermine "Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Here, Defendants failed to satisfy the statutory criteria for removing a state court case. Not granting attorneys' fees and costs here would create the impression that the Congressional limits upon removal jurisdiction can be disregarded, and defendants, as a general matter, do not have a right to remove a state court action to an incorrect federal court or have a court grant a notice of removal untimely filed.

Therefore, for the reasons outlined above, awarding fees and costs to Maysey under 28 U.S.C. § 1447(c) is appropriate.

IT IS ORDERED Granting Plaintiff's Motion to Remand (Doc. #20) and remanding this case back to the Superior Court of the State of Arizona for the County of Maricopa.

IT IS FURTHER ORDERED that Defendants shall reimburse the Plaintiff $10,613 in attorneys' fees and costs that Plaintiff incurred because of the improper removal by Defendants.

DATED this 4th day of November, 2009.

*James A. Teilborg*
United States District Judge